UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 15-61 |
| SUPRENIA WASHINGTON, ET AL. | SECTION "E" |

## ORDER

Before the Court is Suprenia Washington's Motion to Join[1] the following motions filed by her co-defendants: (1) Crinel's motion to suppress,[2] (2) Crinel's motion to dismiss indictment,[3] and (3) Crinel and Evans's motions to sever.[4] The Government opposes Crinel's joinder in the motion to suppress and the motion to dismiss.[5]

I.   Joinder in Motion to Suppress

Crinel previously filed a motion to suppress evidence seized from Abide's corporate office. She argues the search was unconstitutional, because the warrant authorizing the search was defective. Washington moves to join Crinel's motion.

The analysis regarding whether the warrant was defective and/or whether officers executed the warrant in good faith will be substantially similar (if not identical) for Crinel, Washington, or any other defendant challenging the search. In order to prevail, however, Washington must first establish she had a legitimate expectation of privacy in the area searched or the items seized.[6] Thus, Washington must make an individualized showing that cannot be accomplished simply by adopting another

---

[1] R. Doc. 221.
[2] R. Doc. 26.
[3] R. Doc. 76.
[4] R. Docs. 27, 207, respectively.
[5] The Government does not object to joinder in the motions to sever. R. Doc. 232. Nonetheless, because the motion is opposed in part, it should have been filed as contested and set for submission. Counsel is admonished to follow this procedure when filing future motions.
[6] *See United States v. Ibarra*, 948 F.2d 903, 905 (5th Cir. 1991).

1

defendant's motion.[7]  In order to make this showing, Washington will have to file supplemental memoranda to which the Government will be entitled to respond.  This procedure will lead to a confusing mish-mash of supplemental memoranda cross-referencing a motion filed by a different defendant.  These errors would be multiplied if the Court granted Washington's motion and her co-defendants elected to file similar motions.  In short, rather than promoting judicial economy, allowing joinder in the motion to suppress will further cloud a record that becomes more complicated by the day.

II.    Joinder in Motion to Dismiss Indictment

Crinel previously filed a motion to dismiss the indictment.  Crinel argues the indictment is facially deficient because it charges Abide with violating the Anti-Kickback statute by providing its employees with compensation for Medicare referrals.  Under the safe-harbor provision to the statute, however, Crinel argues it is lawful for an employer to provide Medicare referral fees to a bona fide employee.  Because the indictment charges lawful conduct in furtherance of the conspiracy charged in Count 2, Crinel contends the grand jury was incorrectly instructed on the law.  Accordingly, Crinel seeks to dismiss the indictment in its entirety with prejudice.  Alternatively, Crinel seeks to dismiss "all counts . . . in the indictment" charging Abide with providing Medicare referral fees to its bona fide employees.[8]

Washington moves to join this motion.  The Government objects. It argues Crinel's motion only addresses one count—Count 2—as impermissibly charging

---

[7] *See United States v. Phillips*, 382 F.3d 389, 495 (5th Cir. 2004) (noting that Fourth Amendment rights are "individually held.").
[8] R. Doc. 76.  Crinel never actually specifies which counts she is seeking to dismiss.

kickbacks. Because Washington is not charged in Count 2, the Government contends joinder is improper.

The Court disagrees. Washington is entitled to allege a defect in Count 2 of the indictment she believes affects the entire indictment. That Washington is not a named defendant in Count 2 is irrelevant. The Government cites no law to the contrary.

For the reasons previously stated;

**IT IS ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART**. Washington may join the motions to sever and the motion to dismiss indictment but may not join the motion to suppress.

**New Orleans, Louisiana, this 6th day of May, 2015.**

                                          **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**